UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Raquel Olmo

Write the full name of each plaintiff.

-against-

Mariela N. Matosleo

Captain Noreen E. Lazarus

Edward Lam

Mateusz Kopec

Timothy J. Burke

**23 CV 10510**

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____ (Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☒ Yes ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

1

Rev. 1/9/17

# I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☒ **Federal Question**

☐ **Diversity of Citizenship**

## A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

- Deprivation Of Rights Under Color Of Law 18 U.S.C. 242,
- Kidnapping 18 U.S.C. 1201
- Treason 18 U.S.C. 2381
- Extortion by Officers or employees of the United States 18 U.S.C. 872
- Conspiracy Against Rights 18 U.S.C. 241
- Federally Protected Activities 18 U.S.C. 245

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name Middle Initial Last Name

- Raquel Olmo

Street Address

- 1280 Lexington Ave Front 2 Box 1094, NY, NY 10028

2

Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

    First Name Last Name
- Edward Lam

    Current Job Title (or other identifying information)

- NYPD Officer

    Current Work Address (or other address where defendant may be served)

- 151 W 100th St New York, NY 10025

Defendant 2:

    First Name Last Name
- Mateusz Kopec

    Current Job Title (or other identifying information)

- NYPD Officer

    Current Work Address (or other address where defendant may be served)

- 151 W 100th St New York, NY, 10025

3

Defendant 3:

    First Name Last Name
- Mariela N. Matosleo

    Current Job Title (or other identifying information)

- NYPD Officer

    Current Work Address (or other address where defendant may be served)

- 151 W 100th St New York, NY, 10025

Defendant 4:

    First Name Last Name
- Timothy J, Burke

    Current Job Title (or other identifying information)

- NYPD Officer

    Current Work Address (or other address where defendant may be served)

- 151 W 100th St , New York, NY, 10025

Defendant 5:

    First Name Last Name
- Captain Noreen E. Lazaurs

    Current Job Title (or other identifying information)

- Captain in NYPD

    Current Work Address (or other address where defendant may be served)

- 151 W 100th St , New York, NY, 10025

### III. STATEMENT OF CLAIM

Place(s) of occurrence:

- Somewhere Between Riverside drive & west 95th st

Date(s) of occurrence:

- September 6, 2023

## *FACTS:*

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

1. The plaintiff is a national of the United States of America and domiciles in the state of New York.

2. The defendants are police officers employed by the city of New York and acting under color of law. They are Edward Lam #21214, Mateusz Kopec #15093, Timothy J. Burke, Lieutenant Mariela N. Matosleo, and Captain Noreen E. Lazarus

3. On September 6, 2023, at approximately 10:10 am, the plaintiff was traveling in her automobile on Riverside Drive in New York City, when she was stopped by the defendants, who claimed to be conducting a checkpoint.

4. The defendants asked the plaintiff for her driver's license and registration, which the plaintiff refused to provide, as she did not consent to the checkpoint and did not commit any crime or traffic violation.

5. The plaintiff invoked her Fourth Amendment right to be free from unreasonable searches and seizures, and her Fifth Amendment right to remain silent and not incriminate herself.

6. The defendants ignored the plaintiff's as she attempted to assert her constitutional rights to defend herself and they then made comments that suggested they were going to escalate it to an arrest if she did not comply with their orders.

7. The plaintiff attempted to call her constitutional lawyer as she attempted to exercise her constitutional rights , but the defendants prevented her from doing so by reaching into her automobile right as the lawyer was calling back and started pulling her out, handcuffing her, and placing her in their squad car.

5

8. The defendants also searched the plaintiff's automobile at some point without a warrant or probable cause, and seized and destroyed her property, which was her dash cam.

9. The defendants then took the plaintiff to a police station, where they detained her for over 12 hours without charging her with any crime.

10. The defendants also subjected the plaintiff to physical and verbal abuse, causing her pain, injury, and emotional distress.

11. The defendants' actions were unlawful, unjustified, and motivated by malice and prejudice against the plaintiff based on her nationality and political views.

12. As a result of the defendants' actions, the plaintiff suffered violation of her civil rights, loss of liberty, loss of wages, damage to her reputation, and harm to her person and property.

## *Causes of Action*

13. The plaintiff brings this action against the defendants for violating her civil rights under 42 U.S.C. § 1983, which provides a remedy for anyone who is deprived of any rights, privileges, or immunities secured by the Constitution or laws of the United States by any person acting under color of law.

14. The defendants acted under color of law when they used their authority as police officers to violate the plaintiff's constitutional rights under the Fourth and Fifth Amendments.

15. The defendants violated the plaintiff's Fourth Amendment right to be free from cruel and unusual punishments unreasonable searches and seizures, as they seized the plaintiff and her property without any probable cause or warrant and subjected her to an unreasonable detention.

16. The defendants also violated the plaintiff's Fifth Amendment right to due process of law, as they deprived the plaintiff of her liberty without any notice or hearing.

17. The plaintiff also brings this action against the defendants for common law torts of false imprisonment, assault, battery, intentional infliction of emotional distress, and defamation.

18. The defendants falsely imprisoned the plaintiff when they restrained her against her will by kidnapping her which in turn prevented her from leaving or contacting anyone for help.

19. The defendants intentionally inflicted emotional distress on the plaintiff when they caused her severe mental suffering by their outrageous and extreme conduct.

## *Relief Requested*

20. The plaintiff requests that this court grant her the following relief:

6

* A declaratory judgment that the defendants violated her civil rights under 42 U.S.C. § 1983 and her constitutional rights under the Fourth and Fifth Amendments;

* An injunction that prohibits the defendants from engaging in any further acts of violation, harassment, or intimidation against the plaintiff or any other person;

* Compensatory damages for all physical injuries, mental anguish, loss of liberty, and damage to reputation that the plaintiff is currently suffering from as a result of the defendants' actions;

* Punitive damages to punish the defendants for their willful, malicious, and reckless conduct and to deter them and others from engaging in similar conduct in the future;

* Attorney's fees and costs for bringing this action; and

* Any other relief that this court deems just and proper.

## *Deprivation Of Rights Under Color Of Law  18 U.S.Code 242*

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim.

7

The offense is punishable by a range of imprisonment up to a life term, or the death penalty, depending upon the circumstances of the crime, and the resulting injury, if any.

Reviewing my dash cam which will be submitted to the courts, there is clear evidence of these public servants violating the Title 18 usc 242 when I exercised my constitutional rights by invoking the 4th amendment right . By them refusing to respect my liberty and aggressively pulling me out of my private conveyance when, no crime was committed shows that they did not uphold their oath of office and states charter.

## *Kidnapping 18 U.S. Code § 1201*

(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—

(1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;

(2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States;

(3) any such act against the person is done within the special aircraft jurisdiction of the United States as defined in section 46501 of title 49;

(4) the person is a foreign official, an internationally protected person, or an official guest as those terms are defined in section 1116(b) of this title; or

(5) the person is among those officers and employees described in section 1114 of this title and any such act against the person is done while the person is engaged in, or on account of, the performance of official duties,

shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

(b) With respect to subsection (a)(1), above, the failure to release the victim within twenty-four hours after he shall have been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away shall create a rebuttable presumption that such person has been transported in interstate or foreign commerce. Notwithstanding the preceding sentence, the fact that the presumption under this section has not yet taken effect does not preclude a Federal investigation of a possible violation of this section before the 24-hour period has ended.

(c) If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

8

(d) Whoever attempts to violate subsection (a) shall be punished by imprisonment for not more than twenty years.

(e) If the victim of an offense under subsection (a) is an internationally protected person outside the United States, the United States may exercise jurisdiction over the offense if (1) the victim is a representative, officer, employee, or agent of the United States, (2) an offender is a national of the United States, or (3) an offender is afterwards found in the United States. As used in this subsection, the United States includes all areas under the jurisdiction of the United States including any of the places within the provisions of sections 5 and 7 of this title and section 46501(2) of title 49. For purposes of this subsection, the term "national of the United States" has the meaning prescribed in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22)).

(f) In the course of enforcement of subsection (a)(4) and any other sections prohibiting a conspiracy or attempt to violate subsection (a)(4), the Attorney General may request assistance from any Federal, State, or local agency, including the Army, Navy, and Air Force, any statute, rule, or regulation to the contrary notwithstanding.

(g) Special Rule for Certain Offenses Involving Children.—

(1) To whom applicable.—If—

(A) the victim of an offense under this section has not attained the age of eighteen years; and

(B) the offender—

(i) has attained such age; and

(ii) is not—

(I) a parent;

(II) a grandparent;

(III) a brother;

(IV) a sister;

(V) an aunt;

(VI) an uncle; or

(VII) an individual having legal custody of the victim


Reviewing my dash cam footage you Shall see that the public servants reached through my window to unlock and opened my car door. Then they proceeded to take off my seatbelt and pull me out of my automobile to place me under arrest after I already clearly invoked the 4th and 5th amendment.

### *Treason 18 U.S. Code § 2381*

Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of

9

treason and shall suffer death, or shall be imprisoned not less than five years and fined under this title but not less than $10,000; and shall be incapable of holding any office under the United States.

As an American National we are protected by the constitution and all public officials took an oath before entering into office as a public official whether they were elected or appointed. Reviewing the dash cam footage the courts will clearly see me calmly invoke my constitutional rights. By them ignoring the law, kidnapping me shows, that they committed treason on an American National after invoking my clearly invoking my constitutional rights several times.

## *18 U.S. Code 41. Search and Seizure*

(a) Scope and Definitions.

(1) Scope. This rule does not modify any statute regulating search or seizure, or the issuance and execution of a search warrant in special circumstances.

(2) Definitions. The following definitions apply under this rule:

(A) "Property" includes documents, books, papers, any other tangible objects, and information.

(B) "Daytime" means the hours between 6:00 a.m. and 10:00 p.m. according to local time.

(C) "Federal law enforcement officer" means a government agent (other than an attorney for the government) who is engaged in enforcing the criminal laws and is within any category of officers authorized by the Attorney General to request a search warrant.

(D) "Domestic terrorism" and "international terrorism" have the meanings set out in 18 U.S.C. § 2331.

(E) "Tracking device" has the meaning set out in 18 U.S.C. § 3117 (b).

(b) Authority to Issue a Warrant. At the request of a federal law enforcement officer or an attorney for the government:

(1) a magistrate judge with authority in the district—or if none is reasonably available, a judge of a state court of record in the district—has authority to issue a warrant to search for and seize a person or property located within the district;

(2) a magistrate judge with authority in the district has authority to issue a warrant for a person or property outside the district if the person or property is located within the district when the warrant is issued but might move or be moved outside the district before the warrant is executed;

(3) a magistrate judge—in an investigation of domestic terrorism or international terrorism—with authority in any district in which activities related to the terrorism may have occurred has authority to issue a warrant for a person or property within or outside that district;

(4) a magistrate judge with authority in the district has authority to issue a warrant to install within the district a tracking device; the warrant may authorize use of the device to track the movement of a person or property located within the district, outside the district, or both; and

(5) a magistrate judge having authority in any district where activities related to the crime may have occurred, or in the District of Columbia, may issue a warrant for property that is located outside the jurisdiction of any state or district, but within any of the following:

(A) a United States territory, possession, or commonwealth;

(B) the premises—no matter who owns them—of a United States diplomatic or consular mission in a foreign state, including any appurtenant building, part of a building, or land used for the mission's purposes; or

(C) a residence and any appurtenant land owned or leased by the United States and used by United States personnel assigned to a United States diplomatic or consular mission in a foreign state.


(c) Persons or Property Subject to Search or Seizure. A warrant may be issued for any of the following:

(1) evidence of a crime;

(2) contraband, fruits of crime, or other items illegally possessed;

(3) property designed for use, intended for use, or used in committing a crime; or

(4) a person to be arrested or a person who is unlawfully restrained.


(d) Obtaining a Warrant.

(1) In General. After receiving an affidavit or other information, a magistrate judge—or if authorized by Rule 41 (b), a judge of a state court of record—must issue the warrant if there is probable cause to search for and seize a person or property or to install and use a tracking device.

(2) Requesting a Warrant in the Presence of a Judge.

(A) Warrant on an Affidavit. When a federal law enforcement officer or an attorney for the government presents an affidavit in support of a warrant, the judge may require the affiant to appear personally and may examine under oath the affiant and any witness the affiant produces.

(B) Warrant on Sworn Testimony. The judge may wholly or partially dispense with a written affidavit and base a warrant on sworn testimony if doing so is reasonable under the circumstances.

(C) Recording Testimony. Testimony taken in support of a warrant must be recorded by a court reporter or by a suitable recording device, and the judge must file the transcript or recording with the clerk, along with any affidavit.

(3) Requesting a Warrant by Telephonic or Other Means.

(A) In General. A magistrate judge may issue a warrant based on information communicated by telephone or other reliable electronic means.

(B) Recording Testimony. Upon learning that an applicant is requesting a warrant under Rule 41 (d)(3)(A), a magistrate judge must:

(i) place under oath the applicant and any person on whose testimony the application is based; and

(ii) make a verbatim record of the conversation with a suitable recording device, if available, or by a court reporter, or in writing.

(C) Certifying Testimony. The magistrate judge must have any recording or court reporter's notes transcribed, certify the transcription's accuracy, and file a copy of the record and the transcription with the clerk. Any written verbatim record must be signed by the magistrate judge and filed with the clerk.

(D) Suppression Limited. Absent a finding of bad faith, evidence obtained from a warrant issued under Rule 41 (d)(3)(A) is not subject to suppression on the ground that issuing the warrant in that manner was unreasonable under the circumstances.

(e) Issuing the Warrant.

(1) In General. The magistrate judge or a judge of a state court of record must issue the warrant to an officer authorized to execute it.

(2) Contents of the Warrant.

(A) Warrant to Search for and Seize a Person or Property. Except for a tracking-device warrant, the warrant must identify the person or property to be searched, identify any person or property to be seized, and designate the magistrate judge to whom it must be returned. The warrant must command the officer to:

(i) execute the warrant within a specified time no longer than 10 days;

(ii) execute the warrant during the daytime, unless the judge for good cause expressly authorizes execution at another time; and

(iii) return the warrant to the magistrate judge designated in the warrant.

(B) Warrant for a Tracking Device. A tracking-device warrant must identify the person or property to be tracked, designate the magistrate judge to whom it must be returned, and specify a reasonable length of time that the device may be used. The time must not exceed

45 days from the date the warrant was issued. The court may, for good cause, grant one or more extensions for a reasonable period not to exceed 45 days each. The warrant must command the officer to:

(i) complete any installation authorized by the warrant within a specified time no longer than 10 calendar days;

(ii) perform any installation authorized by the warrant during the daytime, unless the judge for good cause expressly authorizes installation at another time; and

(iii) return the warrant to the judge designated in the warrant.


(3) Warrant by Telephonic or Other Means. If a magistrate judge decides to proceed under Rule 41 (d)(3)(A), the following additional procedures apply:

(A) Preparing a Proposed Duplicate Original Warrant. The applicant must prepare a "proposed duplicate original warrant" and must read or otherwise transmit the contents of that document verbatim to the magistrate judge.

(B) Preparing an Original Warrant. If the applicant reads the contents of the proposed duplicate original warrant, the magistrate judge must enter those contents into an original warrant. If the applicant transmits the contents by reliable electronic means, that transmission may serve as the original warrant.

(C) Modification. The magistrate judge may modify the original warrant. The judge must transmit any modified warrant to the applicant by reliable electronic means under Rule 41 (e)(3)(D) or direct the applicant to modify the proposed duplicate original warrant accordingly.

(D) Signing the Warrant. Upon determining to issue the warrant, the magistrate judge must immediately sign the original warrant, enter on its face the exact date and time it is issued, and transmit it by reliable electronic means to the applicant or direct the applicant to sign the judge's name on the duplicate original warrant.


(f) Executing and Returning the Warrant.

(1) Warrant to Search for and Seize a Person or Property.

(A) Noting the Time. The officer executing the warrant must enter on it the exact date and time it was executed.

(B) Inventory. An officer present during the execution of the warrant must prepare and verify an inventory of any property seized. The officer must do so in the presence of another officer and the person from whom, or from whose premises, the property was taken. If either one is not present, the officer must prepare and verify the inventory in the presence of at least one other credible person.

(C) Receipt. The officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property.

(D) Return. The officer executing the warrant must promptly return it—together with a copy of the inventory—to the magistrate judge designated on the warrant. The judge must, on request, give a copy of the inventory to the person from whom, or from whose premises, the property was taken and to the applicant for the warrant.

(2) Warrant for a Tracking Device.

(A) Noting the Time. The officer executing a tracking-device warrant must enter on it the exact date and time the device was installed and the period during which it was used.

(B) Return. Within 10 calendar days after the use of the tracking device has ended, the officer executing the warrant must return it to the judge designated in the warrant.

(C) Service. Within 10 calendar days after the use of the tracking device has ended, the officer executing a tracking-device warrant must serve a copy of the warrant on the person who was tracked or whose property was tracked. Service may be accomplished by delivering a copy to the person who, or whose property, was tracked; or by leaving a copy at the person's residence or usual place of abode with an individual of suitable age and discretion who resides at that location and by mailing a copy to the person's last known address. Upon request of the government, the judge may delay notice as provided in Rule 41 (f)(3).

(3) Delayed Notice. Upon the government's request, a magistrate judge—or if authorized by Rule 41 (b), a judge of a state court of record—may delay any notice required by this rule if the delay is authorized by statute.

(g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

(h) Motion to Suppress. A defendant may move to suppress evidence in the court where the trial will occur, as Rule 12 provides.

(i) Forwarding Papers to the Clerk. The magistrate judge to whom the warrant is returned must attach to the warrant a copy of the return, of the inventory, and of all other related papers and must deliver them to the clerk in the district where the property was seized.

Reviewing my dash cam or their body cam footage the courts will see that the police present did not have a search or arrest warrant present, nor my consent. They proceeded to search and then seized my automobile by impounding it for a ransom when no crime was committed.

14

## 18 U.S. Code § 2119 - Motor vehicles

Whoever, with the intent to cause death or serious bodily harm [1] takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—

(1) be fined under this title or imprisoned not more than 15 years, or both,

(2) if serious bodily injury (as defined in section 1365 of this title, including any conduct that, if the conduct occurred in the special maritime and territorial jurisdiction of the United States, would violate section 2241 or 2242 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

When reviewing the dash cam footage the courts will see that these public servants aggressively pulled me out of my private conveyance, placed me in handcuffs and proceeded to search it without a search warrant present. They then stole it by taking it to their impound and holding it for a fee

## 18 U.S. Code § 872 - Extortion by officers or employees of the United States

Whoever, being an officer, or employee of the United States or any department or agency thereof, or representing himself to be or assuming to act as such, under color or pretense of office or employment commits or attempts an act of extortion, shall be fined under this title or imprisoned not more than three years, or both; but if the amount so extorted or demanded does not exceed $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

NYPD public servants impounded my automobile for a ransom after kidnapping me for over 12 hours. Once released from their facility, I had to pay a fee in order to get my private conveyance back which is extortion.

## *INJURIES:*

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

- Pain and swelling in the bilateral wrists.
- Soft tissue injuries in my upper right back.
- Right upper arm and bilateral knees.
- Psychological/Mental anguish due to cruel and unusual punishment

- Ptsd from traumatic experience

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

- Relief Requested
- The plaintiff requests that this court grant her the following relief:
- * A declaratory judgment that the defendants violated her civil rights under 42 U.S.C. § 1983 and her constitutional rights under the Fourth and Fifth Amendments;
- * An injunction that prohibits the defendants from engaging in any further acts of violation, harassment, or intimidation against the plaintiff or any other person;
- * Compensatory damages for all physical injuries, mental anguish, loss of liberty, and damage to reputation that the plaintiff suffered as a result of the defendants' actions;
- * Punitive damages to punish the defendants for their willful, malicious, and reckless conduct and to deter them and others from engaging in similar conduct in the future;
- * Attorney's fees and costs for bringing this action; and
- * Any other relief that this court deems just and proper.
- As a claim for relief I'm seeking punitive damages under 18 U.S Code§242- Deprivation of rights under color of law for treason, , and 18 U.S.Code§241- Conspiracy against rights, I request monetary damages against the officers for an Order in the principle amount of $12,000,000.00 plus any court fees to be paid by defendants. The officers took an oath to the constitution upon employment and fail to uphold it when they conspired, stalked, and deprived me of any of my constitutional rights.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically: ☒ Yes ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

17



United States District Court Southern
District o f New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

18

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

Name Olmo, Raquel,

1280 Lexington Ave  Front 2 Box 1094 NY,, NY,

Date Signature : *by: Raquel. Olmo*

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007